1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Julian J. Pardini, Esq. SB# 133878
2  Stephen J. Liberatore, Esq. SB# 129772
   One Sansome Street
3  Suite 1400
   San Francisco, California 94104
4  Telephone: (415) 362-2580
   Facsimile: (415) 434-0882
5
   Attorneys for Defendant
6  AMCO INSURANCE COMPANY

                        E-filing

7

8                UNITED STATES DISTRICT COURT                    **WDB**

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 CHRISTINE DOUGHERTY,            ) **CASE 07 - 1140**
                                   )
12         Plaintiff,               )
                                   ) **NOTICE OF REMOVAL OF ACTION**
13    v.                            ) **PURSUANT TO 28 U.S.C. §1441(b)**
                                   ) **(DIVERSITY) AND JURY DEMAND**
14 AMCO INSURANCE COMPANY, and DOES )
   ONE through TWENTY, Inclusive,   )
15                                  )
           Defendant.                )
16 _____ )

17 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18      PLEASE TAKE NOTICE THAT Defendant AMCO MUTUAL INSURANCE

19 COMPANY ("AMCO"), by and through its undersigned attorney of record, hereby removes to this

20 Court the state court action described below.

21                        **JURISDICTION AND VENUE**

22      1.    This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, and

23 is one which may be removed to this Court by AMCO pursuant to the provisions of 28 U.S.C.

24 §1441(b) in that it is a civil action between citizens or subjects of a foreign state and a citizen of a

25 different state, and the amount in controversy as alleged in the complaint exceeds the sum of

26 $75,000, exclusive of interest and costs.

27      2.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§

28 1391(b) and (c), because Plaintiff is subject to personal jurisdiction in this judicial district and a

substantial part of the events giving rise to this lawsuit occurred in this division of the Northern District of California.

### GROUNDS FOR REMOVAL

3. On January 24, 2007, Plaintiff CHRISTINE DOUGHERTY ("Plaintiff"), by and through her attorneys Stephen M. Murphy, Esq. of the Law Offices of Stephen M. Murphy, and David M. Porter, Esq., of the Law Offices of David M. Porter, commenced a civil action in the Superior Court of the State of California for the County of San Francisco against AMCO, entitled *Christine Dougherty v. AMCO Insurance Company and Does One through Twenty, Inclusive*, San Francisco County Superior Court Case No. CGC-07-459877. A true and correct copy of the complaint, without attachments thereto, is attached as Exhibit A.

4. On or about February 6, 2007, A. Marc Mostajo, Litigation Consultant at AMCO, learned that Plaintiff's Complaint was served on AMCO on January 25, 2007. Thus, the time limit for removal set forth in 28 U.S.C. §1446(b) has been satisfied.

5. The basis for removal is that Plaintiff is a citizen and resident of the State of California while AMCO is a corporation organized and existing under the laws of the State of Iowa in the United States of America, with its principal place of business in Des Moines, Iowa. This Court therefore has original jurisdiction of this action under 28 U.S.C. §1332 because AMCO is a citizen or subject of a foreign state and Plaintiff is a citizen of the State of California.

6. Plaintiff's Complaint alleges that she is entitled to recover a jury verdict in an undetermined amount, but includes prayers for general damages, special damages, exemplary damages, attorney fees, prejudgment interest, and costs. It is well established that exemplary or punitive damages are part of the amount in controversy in a civil action. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Thus, AMCO believes in good faith that the amount in controversy substantially exceeds $75,000, as required for removal pursuant to 49 U.S.C. §11706.

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

7. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant AMCO hereby demands a trial by jury.

Wherefore, Defendant AMCO prays that this action be removed to this Court.

Dated: February 26, 2007

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Julian J. Pardini
Stephen J. Liberatore
Attorneys for Defendant
AMCO INSURANCE COMPANY

# EXHIBIT "A"

4810-6636-2880.1

LAW OFFICES OF STEPHEN M. MURPHY
STEPHEN M. MURPHY (SBN # 103768)
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Tel: (415) 986-1338
Fax: (415) 986-1231

LAW OFFICES OF DAVID M. PORTER
DAVID M. PORTER (SBN # 124500)
101 California Street, Suite 2050
San Francisco, CA 94111
Tel: (415) 982-8600
Fax: (415) 391-9515

Attorneys for Plaintiff
Christine Dougherty

ENDORSED
FILED
San Francisco County Superior Court

JAN 2 4 2007

GORDON PARK-LI, Clerk
BY: PARAM NATT
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUN 2 9 2007 - 9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CHRISTINE DOUGHERTY,

Plaintiff,

v.

AMCO INSURANCE COMPANY
and DOES ONE through
TWENTY, Inclusive,

Defendants.

NO. CGC-07-459877

COMPLAINT FOR DAMAGES
(Insurance Bad Faith)

JURY TRIAL DEMANDED

Plaintiff CHRISTINE DOUGHERTY alleges:

1. Defendants DOES ONE through TWENTY are sued herein under fictitious names; plaintiff does not at this time know the true names or capacities of said defendants, but prays that the same may be inserted

herein when ascertained.

2. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

3. Plaintiff is informed and believes and thereon alleges that at all relevant times defendants AMCO INSURANCE COMPANY and DOES ONE through TEN were corporations doing the business of insurance in California.

4. In or about October of 2000, defendants issued an automobile insurance policy to plaintiff under her married name of Christine D. Rayburn, Policy Number PPA 0008899321-1 (hereinafter, the "POLICY"). A copy of said POLICY is attached hereto and incorporated herein as Exhibit 1. Plaintiff was a named insured under the POLICY, which was in effect at all relevant times, and in particular on April 17, 2001 when a vehicle driven by an underinsured driver negligently collided with Plaintiff's vehicle, causing her to suffer severe bodily injuries.

5. Under the terms of the POLICY, plaintiff was obligated to pay premiums to keep the POLICY in effect. Under the terms of the POLICY, defendants agreed to provide insurance coverage against all of plaintiff's losses from covered occurrences, including Underinsured Motorist coverage in amounts up to $100,000 per person.

6. In the POLICY, and prior to its inception, defendants represented to plaintiff that they would, in the event plaintiff suffered bodily injuries from a covered accident with an uninsured driver, compensate plaintiff for such injuries under the Underinsured Motorist coverage.

7. Throughout the period of POLICY and its renewals, plaintiff

promptly paid premiums and performed each act required on her part to keep the POLICY in full force and effect. Plaintiff intended and expected thereby to be assured of peace of mind and financial economic security in the event of an automobile accident, and in particular, in the event of an accident for which an underinsured or unknown driver was at fault.

8. On or about April 17, 2001, plaintiff was driving her vehicle on San Marin Drive at the intersection of Simmons Lane in Novato, California when her car was struck by an underinsured motorist.

9. Plaintiff was injured in the collision and has been treated for various medical problems caused by to the incident.

10. Shortly after the accident, plaintiff reported the accident to the defendants, and after settlement with the underinsured motorist, made a claim under the Underinsured Motorist provision of the POLICY on or about January 6, 2003. Defendants handled and made decisions on plaintiff's claim beginning in January 2003 until the arbitration hearing over three years later, on January 26, 2006.

11. The defendants acknowledged that plaintiff was injured in the subject incident.

12. Despite the fact that liability under the Underinsured Motorist coverage portion of the POLICY was clear, and despite the fact that defendants acknowledged that plaintiff had been injured in the subject accident, at no time before the arbitration hearing did defendants make a payment to plaintiff under the Underinsured Motorist coverage portion of the POLICY.

13. In response to defendants' request, in January 2003 plaintiff's counsel provided defendants with copies of documentation regarding

plaintiff's underlying claim against the underinsured motorist. In October 2004, approximately three and one half years after the accident, plaintiff's counsel demanded arbitration under the Underinsured Motorist coverage portion of the POLICY, not having received any payment from defendants under that coverage. Despite several settlement demands by plaintiff's counsel, defendants refused to make any settlement offer and forced plaintiff to arbitrate her underinsured motorist claim.

14. The arbitration took place on January 26, 2006 before the Honorable Alfred Chiantelli (retired). On March 1, 2006, the arbitrator issued a ruling awarding plaintiff damages in the amount of $107,874, including an offset of $35,000 for the payment by the underinsured motorist, leaving a net recovery to plaintiff of $72,874. On November 8, 2006, the Superior Court of the State of California, County of San Francisco, confirmed the arbitration award and on November 28, 2006 entered judgment in favor of plaintiff and against defendant for $72,874 together with costs of suit. Defendant has satisfied the judgment except for payment of the costs of suit.

15. By failing and refusing to pay benefits under these provisions of POLICY as required and by forcing plaintiff to arbitrate her underinsured motorist claim, defendants have acted in bad faith and breached their contractual obligations to plaintiff.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

16. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 15 above.

17. Plaintiff and defendants entered into a written contract of

insurance which provided underinsured motorist coverage. Plaintiff was involved in an accident with an underinsured motorist.

18. Plaintiff made claims under her underinsured motorist coverage. At all times, plaintiff met all of her obligations under the insurance contract.

19. Defendants breached the contract of insurance by the way in which they handled, and mishandled, plaintiff's claims for underinsured motorist benefits. They did not pay promptly and/or handle the claim fairly.

20. As a direct result of defendants' breaches of the insurance contract, including the implied covenant of good faith and fair dealing, plaintiff suffered damages including, but not limited to increased litigation expenses, increased personal expenses, loss of interest, increased attorneys fees, emotional distress, other financial losses, and other general and special damages.

**SECOND CAUSE OF ACTION**
(Breach of Covenant of
Good Faith and Fair Dealing)

21. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 20 above.

22. At all relevant times, defendants agreed to act in good faith and deal fairly with plaintiff when they entered into the POLICY and accepted premiums from plaintiff. Defendants thereby assumed quasi-fiduciary obligations to plaintiff and agreed to abide by such duties. Nevertheless, defendants refused and failed to act in good faith and deal fairly with plaintiff and breached said quasi-fiduciary obligations, as is set forth more particularly herein.

23. In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences, defendants have

failed and refused to indemnify plaintiff under POLICY and the laws of California, despite defendants' knowledge of facts mandating payment, until plaintiff obtained an arbitration award.

24. Defendants engaged in a course of conduct to further their own economic interests and in violation of their contractual and fiduciary obligations to plaintiff including but not limited to:

    a. misrepresentation of pertinent policy provisions and coverages at issue;

    b. unreasonable delays in acting upon plaintiff's claim;

    c. unreasonable and improper investigation and/or handling of plaintiff's claim;

    d. denying coverage for certain losses when the facts and POLICY provisions warranted payment;

    e. in the above and other conduct, violation of the California Insurance Code;

    f. failing and refusing to make payment to plaintiff (or even an offer) when liability under the policy was clear; and

    g. other wrongful and illegal conduct.

25. On information and belief, this conduct was part of a larger pattern of conduct involving the issuance of similar policies and/or claims of other similarly situated insureds throughout California within the past several years and up to the present. In pursuing this wrongful course of conduct herein, defendants were pursuing unfair trade practices.

26. The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the medical, physical, emotional and financial circumstances of and potentially adverse

consequences to plaintiff.

27. Defendants pursued this course of despicable conduct intentionally, maliciously, in conscious disregard of the rights of plaintiff, fraudulently, and/or with reckless disregard of the likelihood of causing plaintiff extreme detriment to its business, and in furtherance of defendants' own economic interests at the expense of plaintiff economic interests and well-being.

28. As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to her damage in a sum according to proof.

29. As a further direct and proximate result of the conduct of defendants, plaintiff has incurred and will incur economic detriment including but not limited to lost interest and/or interest incurred on moneys borrowed and other special damages in an amount not yet determined.

30. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of such expenses and fees, and prays leave of court to amend this complaint when those amounts are more fully known.

31. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of plaintiff's rights. Because the acts taken towards plaintiff were carried out by defendants acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage plaintiff, she is entitled to recover punitive damages in an amount according to proof.

02/06/2007    15:59    916-924-6909    ALLIED INSURANCE    PAGE 11/13

WHEREFORE, PLAINTIFF prays judgment against defendants, and each of them, as follows:

1. For general damages for emotional distress, humiliation, and mental anguish according to proof.

2. For lost interest and/or interest incurred on moneys borrowed, increased litigation expenses, increased personal expenses, increased attorneys fees, other financial losses according to proof;

3. For exemplary (punitive) damages according to proof;

4. For reasonable attorneys' fees and costs and expenses of litigation;

5. For prejudgment interest; and,

6. For such other and further relief as the court may deem just and proper.

DATED: January 24, 2007      LAW OFFICES OF STEPHEN M. MURPHY

BY: _____
STEPHEN M. MURPHY
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
(Insurance Bad Faith)                           8

11616696.tif - 1/25/2007 12:51:42 PM

*Christine Dougherty vs. AMCO Insurance Co., et al.*
San Francisco Superior Court, Case No. CGC 07 459877

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, 14th Floor, San Francisco, CA 94104.

On February 26, 2007, I served the following document described as:

**Defendant ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY'S: CIVIL COVER SHEET; NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C., SECTION 1441(b) (DIVERSITY) AND JURY DEMAND**

on all interested parties in this action by placing [X] a true copy   [ ] the original thereof enclosed in sealed envelopes addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

[ ]   (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]   (BY MAIL, 1013a, 2015.5 C.C.P.)
  [ ]   I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.
  [X]   I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY OVERNIGHT DELIVERY/COURIER)
  [ ]   I delivered such envelope to an authorized courier or driver authorized by the express service carrier to receive documents in an envelope or package designated by the express service carrier with delivery fees provided for.
  [ ]   I deposited such envelope in a box or facility regularly maintained by the express service carrier in an envelope or package designated by the express service carrier with delivery fees provided for.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 26, 2007, at San Francisco, California.

*/s/ Arleigh Koulax*
Arleigh Koulax

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4830-1299-4561.1

## SERVICE LIST

| | |
|---|---|
| Law Offices of Stephen M. Murphy<br>Stephen M. Murphy, Esq.<br>180 Montgomery Street, Suite 940<br>San Francisco, CA 94104<br>Tel: 415/ 986-1338<br>Fax: 415/ 986-1231 | Attorneys for Plaintiff,<br>CHRISTINE DOUGHERTY |
| Law Offices of David M. Porter<br>David M. Porter, Esq.<br>101 California Street, Suite 2050<br>San Francisco, CA 94111<br>Tel: 415/ 982-8600<br>Fax: 415/ 391-9515 | Attorneys for Plaintiff,<br>CHRISTINE DOUGHERTY |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4830-1299-4561.1