**LAW OFFICES OF STEPHEN M. MURPHY**
Stephen M. Murphy, Esq. SB# 103768
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: (415) 986-1338
Facsimile: (415) 986-1231

**LAW OFFICES OF DAVID M. PORTER**
David M. Porter, Esq. SB# 124500
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 982-8600
Facsimile: (415) 391-9515

Attorneys for Plaintiff
CHRISTINE DOUGHERTY

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julian J. Pardini, Esq. SB# 133878
Stephen J. Liberatore, Esq. SB# 129772
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES ONE through TWENTY, Inclusive,<br><br>Defendant. | CASE NO. C 07-01140 WDB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 4, 2007<br>Time: 4:00 p.m.<br>Dept.: 4 (in Oakland) |

Plaintiff Christine Dougherty ("Plaintiff") and Defendant AMCO Insurance Company ("AMCO") jointly submit this Case Management Statement and request the Court issue its Case Management Order pursuant thereto:

-1-
JOINT CASE MANAGEMENT STATEMENT
C 07-01140 WDB

1. **Jurisdiction and Service**

The Court has jurisdiction pursuant to 28 U.S.C. section 1441(b) (diversity of citizenship). The parties are unaware of any issues regarding personal jurisdiction or venue. All parties have been served.

2. **Facts**

On April 17, 2001, Plaintiff was injured in an automobile accident. Plaintiff incurred $7,874 in medical costs for treatment of her injuries, of which Defendant AMCO paid $5,000 pursuant to the med-pay provisions of her AMCO automobile policy.

On April 16, 2002, Plaintiff filed suit against the other driver involved in the accident. That suit settled for $30,000, the other driver's policy limits.

On January 8, 2003, Plaintiff's counsel advised AMCO that Plaintiff wished to file an underinsured motorist claim, and AMCO opened a file. Plaintiff's counsel sent AMCO certain information in support of Plaintiff's claim. Thereafter, Plaintiff made a settlement demand to AMCO of $45,000 in addition to the monies she had already received; however, AMCO did not believe that Plaintiff's claim was worth more than the $30,000 she had received in settlement with the other driver, and the $5,000 in med-pay benefits she had received pursuant to the AMCO policy. Plaintiff contends that AMCO never accepted, rejected or made a counteroffer to Plaintiff's demand. AMCO contends that it advised Plaintiff's counsel that, per its evaluation of Plaintiff's claim, Plaintiff was not entitled to receive underinsured motorist benefits; AMCO contends further that it requested additional information regarding Plaintiff's claim but that neither Plaintiff nor her counsel provided such information. In November 2004 Plaintiff demanded that her claim be submitted to arbitration.

The parties conducted discovery and in early October 2005 agreed to have Alfred Chiantelli, Judge (ret.) act as arbitrator. The arbitration hearing took place on January 26, 2006. On March 1, 2006, Judge Chiantelli issued his decision, awarding Plaintiff $107,874, which equaled the underinsured motorist coverage limit of Plaintiff's AMCO policy ($100,000), plus the total amount of her medical costs ($7,874). On March 29, AMCO issued payment to Plaintiff in the amount of $72,874 (the arbitration award less the $35,000 already paid to Plaintiff.)

Plaintiff then filed this action.

The only factual issues in dispute may concern who said what and when during AMCO's adjustment of Plaintiff's underinsured motorist claim. Other disputes regarding factual issues may be defined depending on this Court's rulings on AMCO's anticipated motion for summary judgment or for partial summary judgment (see below at Item No. 4.)

**3. Legal Issues**

The principal legal issues in dispute are:

a. Whether AMCO breached the insurance contract.

b. Whether AMCO breached the implied covenant of good faith and fair dealing.

c. Whether AMCO should be subjected to punitive damages.

**4. Motions**

AMCO anticipates that it will file a motion for summary judgment or motion for partial summary judgment in the near future, perhaps as early as June 15, 2007.

**5. Amendment of Pleadings**

The parties do not anticipate that the pleadings will be amended.

**6. Evidence Preservation**

AMCO has undertaken to preserve all electronically stored information with respect to Plaintiff's underinsured motorist claim.

**7. Disclosures**

The parties certify that according to the Court's order setting initial case management conference, they have made the following disclosures on May 29, 2007:

    a. Names and identifying information of witnesses;

    b. Plaintiff's non-privileged documents pertaining to:

        i. Plaintiff's lawsuit against the other driver, including, but not limited to:

            (1) Pleadings;

            (2) Deposition transcripts; and

            (3) Settlement and Release Agreement;

        ii. Communications between Plaintiff and Mr. Murphy; and

        iii.    Plaintiff's medical records, including billing statements and invoices.

   c.    AMCO's non-privileged documents, including, but not limited to:

        i.    The AMCO policy;

        ii.    The AMCO claim file, including electronic claim notes;

        iii.    The underwriting file.

Both of Plaintiff's counsel have been involved in trial in an unrelated matter for the past several weeks. Hence, the parties anticipate that their counsel will meet and confer after Plaintiff's counsel's trials conclude to discuss additional information and documents which should be disclosed but which, for various reasons, are not able to be disclosed on the initial disclosure date. The parties will be prepared to advise the Court at the time of the case management conference of agreed-upon dates when further disclosures will be made.

**8.   Discovery**

The parties have agreed to the following tentative discovery plan and projected completion date:

   a.    Deposition of Plaintiff by August 2007;

   b.    AMCO requests and Plaintiff opposes the depositions of Plaintiff's counsel (in underlying litigation against other driver) and counsel's employees, September 2007;

   c.    Depositions of AMCO's counsel and employees in the underinsured motorist arbitration;

   d.    Depositions of percipient witnesses regarding the auto accident, October 2007;

   e.    Depositions of Plaintiff's health care providers, November 2007;

   f.    Depositions of AMCO's claims representative(s), December 2007;

   g.    Depositions of AMCO's counsel (in arbitration), December 2007;

   h.    Depositions of experts, per rule based on trial date;

   i.    Written discovery (interrogatories, requests for production of documents, subpoenas to third parties for documents, requests for admissions), as necessary.

///

9. **Class Actions**

   Not applicable.

10. **Related Cases**

    There are no pending related cases.

11. **Relief Sought**

    By her complaint, Plaintiff seeks general damages for emotional distress, humiliation, and mental anguish, according to proof; for lost interest and/or interest incurred on monies borrowed, increased litigation expenses, increased personal expenses, increased attorneys' fees, and other financial losses, according to proof; exemplary (punitive) damages, according to proof; reasonable attorneys' fees and costs and expenses of litigation; and prejudgment interest.

12. **Settlement and ADR**

    The parties have filed a Stipulation and Proposed Order Selecting an ADR process, specifying "Private Mediation." The parties are exploring the selection of possible service providers and the designation of a particular mediator.

13. **Consent to Assignment to United States Magistrate Judge for Trial**

    Plaintiff does <u>not</u> consent to the assignment of this action to a United States Magistrate Judge for trial.

    AMCO <u>does</u> consent to the assignment of this action to a United States Magistrate Judge for trial.

14. **Other References**

    Plaintiff believes that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

    AMCO does <u>not</u> believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

    The parties believe the issues are straightforward and succinctly stated: (1) Did AMCO breach the insurance contract in not agreeing to pay Plaintiff's demand or any other sum with respect to Plaintiff's underinsured motorist claim? (2) If AMCO did breach the insurance contract,

did AMCO also act in bad faith? (3) If AMCO did breach the contract and acted in bad faith, what are Plaintiff's damages?

### 16. Expedited Schedule

The parties do not believe this action can be handled on an expedited basis with streamlined procedures.

### 17. Proposed Schedule

| | |
|---|---|
| Designation of Experts: | February 1, 2008 |
| Discovery Cut-off: | March 1, 2008 |
| Dispositive Motions: | March 15, 2008 |
| Pre-trial Conference: | April 1, 2008 |
| Trial: | April 14, 2008 (10-12 court days) |

### 18. Trial

The case will be tried to a jury.

### 19. Disclosure of Non-part Interested Entities or Persons

The parties have filed their respective "Certification of Interested Entities or Persons." The identities of persons, associations, firms, partnerships, corporations and other entities known by the parties to have (1) a financial interest in the subject matter at issue or in a party to this action, or (2) any other kind of interest that could be substantially affected by the outcome of this action, are:

a. Plaintiff Christine Dougherty
b. Plaintiff's husband Malcolm Rayburn
c. Plaintiff's counsel of record, Messrs. Murphy and Porter, and attorneys and employees associated with them;
d. Defendant AMCO Insurance Company, and its affiliated entities and employees;
e. AMCO's counsel of record in this action, Lewis Brisbois Bisgaard & Smith LLP, and attorneys associated with that firm.

///

///

**20.   Miscellaneous**

Counsel for the parties will be prepared at the time of the Case Management Conference to provide additional information as the Court may deem necessary to facilitate the just, speedy and inexpensive disposition of this matter.

DATED:  May 29, 2007

Respectfully submitted,

LAW OFFICES OF STEPHEN M. MURPHY

By  /s/ Stephen M. Murphy
    Stephen M. Murphy
Attorney for Plaintiff
CHRISTINE DOUGHERTY


LAW OFFICES OF DAVID M. PORTER

By  /s/ David M. Porter
    David M. Porter
Attorney for Plaintiff
CHRISTINE DOUGHERTY


LEWIS BRISBOIS BISGAARD & SMITH LLP


By  /s/ Stephen J. Liberatore
    Julian J. Pardini
    Stephen J. Liberatore
Attorneys for Defendant
AMCO INSURANCE COMPANY