1 | LAW OFFICES OF STEPHEN M. MURPHY
STEPHEN M. MURPHY (SBN # 103768)
2 | JEREMY A. GRAHAM (SBN # 234166)
180 Montgomery Street, Suite 940
3 | San Francisco, CA 94104
Tel:  (415) 986-1338
4 | Fax: (415) 986-1231

5 | LAW OFFICES OF DAVID M. PORTER
DAVID M. PORTER (SBN # 124500)
6 | 101 California Street, Suite 2050
San Francisco, CA 94111
7 | Tel: (415) 982-8600
Fax: (415) 391-9515
8 |
Attorneys for Plaintiff
9 | CHRISTINE DOUGHERTY

10

11
IN THE UNITED STATES DISTRICT COURT
12
FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14 | CHRISTINE DOUGHERTY,          )   NO. C 07-01140 MHP
                                 )
15                               )
   Plaintiff,                    )
16                               )
   v.                            )   **PLAINTIFF'S EX PARTE REQUEST TO**
17                               )   **CONTINUE HEARING ON MOTION FOR**
                                 )   **SUMMARY JUDGMENT**
18 | AMCO INSURANCE COMPANY        )
   and DOES ONE through TWENTY,  )
19 | Inclusive,                    )
                                 )
20 | Defendants.                   )
                                 )
21 | _____ __ )

22

23

24

25

26

---

I.   **INTRODUCTION AND PROCEDURAL HISTORY.**

Plaintiff Christine Dougherty filed this action in the Superior Court of the State of California, City and County of San Francisco, on January 24, 2007 alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing against defendant AMCO Insurance Company based on their handling of her uninsured motorist claim. Defendant filed an answer in state court on February 23, 2007 and February 26, 2007 removed the case to the United States District Court for the Northern District of California based on diversity jurisdiction.

The case was originally assigned to Judge Wayne D. Brazil. On May 31, 2007 the case was reassigned to Judge Marilyn H. Patel. Judge Patel set the initial Case Management Conference for July 9, 2007. On June 22, 2007 defendant filed a motion for summary judgment noticed for hearing on July 30, 2007. Defendant filed its motion prior to the initial Case Management Conference without obtaining leave of the court as required by Judge Patel's standing orders. Although defendant has served its initial disclosures, there has been no formal discovery.

Due to the nature of an insurance bad faith claim, most of the evidence supporting plaintiff's allegations is in the exclusive possession of defendant. Therefore, it is only through the discovery process that plaintiff can obtain the evidence needed to oppose defendant's summary judgment motion.

Prior to filing this ex parte request plaintiff's counsel made repeated attempts to contact opposing counsel in order to obtain a stipulation to a continuance that would allow sufficient time for plaintiff to conduct discovery. Plaintiff's counsel received no response until shortly before filing this request and was not able to obtain defendant's consent to such a stipulation.

Because defendant's summary judgment motion is premature and was filed prior to the initial Case Management Conference without leave of the court in violation

of Judge Patel's standing orders, and because plaintiff has not had an opportunity to obtain evidence essential to its opposition through discovery, plaintiff requests that this Court continue the hearing on defendant's motion for summary judgment for a minimum of one-hundred and eighty days.

## II. A CONTINUANCE IS WARRANTED BECAUSE THE DEFENDANT'S FILING OF ITS MOTION FOR SUMMARY JUDGMENT VIOLATED JUDGE PATEL'S STANDING ORDERS.

Judge Patel's standing orders state that "[m]otions to dismiss shall not be filed before the initial Case Management Conference except by leave of the court." (Chief Judge Marilyn Hall Patel, Standing Orders, Notices, ¶ 4.) Granting defendant's motion for summary judgment would have the same effect as a motion to dismiss and, therefore, defendant was not authorized to file its motion prior to the July 9, 2007 Case Management Conference absent leave of the court. Furthermore, Judge Patel's clerk represented to plaintiff's counsel that the requirement to obtain such leave applied to "all dispositive motions" and that defendant failed to obtain leave prior to filing its motion for summary judgment. (Declaration of Jeremy A. Graham in Support of Request to Continue Hearing on Motion for Summary Judgment ("Graham Decl.") at ¶¶ 1-2 & 6.)

By application of the Local Rules, plaintiff's opposition would be due on July 9, 2007, twenty-one days prior to the hearing noticed for July 30, 2007, the same day as the initial Case Management Conference. (Local Rules 7-2, 7-3, and 56-1.) Because the filing of the motion was in violation of Judge Patel's standing orders however, plaintiff should not be required to file her opposition before the initial Case Management Conference. At the Case Management Conference the parties and Judge Patel should be afforded the opportunity to discuss whether a motion for summary judgment is appropriate given the early stage of the proceedings and, if so, to set the proper briefing schedule. Absent such a discussion and any subsequent

orders by the Court, a continuance of six months is necessary to protect plaintiff's ability to adequately oppose defendant's motion.

Plaintiff's counsel has left voice mail messages for opposing counsel over the course of three days, from June 25 to June 27, 2007, requesting that defendant stipulate to a continuance of the summary judgment motion.  (Declaration of David M. Porter in Support of Request to Continue Hearing on Motion for Summary Judgment ("Porter Decl.") at ¶¶ 1-3.)  Plaintiff's counsel received no response to these requests until after noon on July 27, 2007.  As of the filing of this motion, defendant has not agreed to a stipulation for a continuance of its summary judgment motion.  (Graham Decl. at ¶ 7.)

In the absence of such a stipulation, Judge Patel's clerk represented to plaintiff's counsel that filing an ex-parte request for a continuance was proper in light of the clear violation of Judge Patel's standing orders and the limited time remaining prior to the due date for plaintiff's opposition and the initial Case Management Conference. (Graham Declr. At ¶¶ 1-6.)

### III. A CONTINUANCE IS WARRANTED PURSUANT TO F.R.C.P. 56(f) TO ALLOW PLAINTIFF ADEQUATE TIME TO CONDUCT DISCOVERY.

The Federal Rules of Civil Procedure authorize this Court to grant a continuance of a defendant's motion for summary judgement to allow plaintiff to conduct discovery in order to obtain evidence necessary to its opposition.  F.R.C.P. 56(f).  To date, there has been no formal discovery by either party.

Under these circumstances, controlling authority mandates granting a continuance.  "Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as <u>requiring</u>, rather than merely permitting, <u>discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition</u>.'"  *Metabolife Int'l, Inc. v.*

1  *Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (emphasis added; citing *Anderson v.*
2  *Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).
3        Additionally, where the court retains its discretion the Ninth Circuit has adopted
4  a liberal approach to granting a continuance. "Where . . . a summary judgment motion
5  is filed so early in the litigation, before a party has had any realistic opportunity to
6  pursue discovery relating to its theory of the case, district courts should grant any Rule
7  56(f) motion fairly freely." *Burlington Northern Sante Fe Railroad Co. v. the Assiboine*
8  *and Sioux Tribes of the Fort Peck Reservation, Montana*, 323 F.3d 767, 773-774 (9th
9  Cir. 2003) (citing *Metabolife Int'l, Inc., supra.*, 264 F.3d at 846; *Wichita Falls Office*
10 *Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (Rule 56(f)-based
11 "continuance of a motion for summary judgment for purposes of discovery should be
12 granted almost as a matter of course unless the non-moving party has not diligently
13 pursued discovery of the evidence" (internal quotation marks and citation omitted));
14 and *Sames v. Gable*, 732 F.2d 49, 52 (3rd Cir. 1984) (same)).
15       Here, defendant has alleged a claim for bad faith in the handling of an
16 insurance claim. Most of the evidence which would demonstrate bad faith is
17 necessarily in the exclusive possession of the insurer. The "allegations which assert
18 such a [bad faith] claim must show that the conduct of the defendant . . . demonstrates
19 a failure or refusal to discharge contractual responsibilities, prompted not by an honest
20 mistake, bad judgment or negligence but rather by a conscious and deliberate act,
21 which unfairly frustrates the agreed common purposes and disappoints the reasonable
22 expectations of the other party." *Chateau Chamberay Homeowners Assn. v.*
23 *Associated Internat. Ins. Co.*, 90 Cal.App.4th 335, 346 (Cal.App. 2001).
24       Plaintiff will require the opportunity to conduct extensive discovery in order to
25 obtain evidence that defendant's conduct alleged in her complaint was conscious and
26 deliberate. Plaintiff anticipates that a minimum of six months will be required to take
depositions of defendant's employees, serve document requests, interrogatories, and

1  requests for admissions, and to resolve any discovery disputes that may arise.

2  **IV.    CONCLUSION.**

3      For the foregoing reasons, plaintiff Christine Dougherty requests that this Court continue the hearing on defendant AMCO Insurance Co.'s motion for summary judgment currently set for July 30, 2007 for one-hundred and eighty days or such other time as deemed appropriate by the Court.

Dated: June 27, 2007          LAW OFFICES OF STEPHEN M. MURPHY

                              By: **/s/ Stephen M. Murphy**
                                  STEPHEN M. MURPHY
                                  Attorney for Plaintiff