1  LAW OFFICES OF STEPHEN M. MURPHY
   STEPHEN M. MURPHY (SBN # 103768)
2  JEREMY A. GRAHAM (SBN # 234166)
   180 Montgomery Street, Suite 940
3  San Francisco, CA 94104
   Tel:  (415) 986-1338
4  Fax:  (415) 986-1231

5  LAW OFFICES OF DAVID M. PORTER
   DAVID M. PORTER (SBN # 124500)
6  101 California Street, Suite 2050
   San Francisco, CA 94111
7  Tel: (415) 982-8600
   Fax: (415) 391-9515
8
   Attorneys for Plaintiff
9  CHRISTINE DOUGHERTY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY, | NO. C 07-01140 MHP |
| Plaintiff, | |
| v. | **DECLARATION OF JEREMY A. GRAHAM IN SUPPORT OF EX PARTE REQUEST TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT** |
| AMCO INSURANCE COMPANY and DOES ONE through TWENTY, Inclusive, | |
| Defendants. | |

I, JEREMY A. GRAHAM, declare:

I am one of the attorneys of record for Plaintiff Christine Dougherty and am licensed to practice law in California.

1. On June 26, 2007 I spoke with Anthony Bowser, Calendar Clerk for Judge Patel, regarding the proper procedure for requesting a continuance of defendant's motion for summary judgment. I explained to Mr. Bowser my concern that the motion was premature and plaintiff's interest in having the motion continued prior to July 9, 2007, the current due date for plaintiff's opposition.

2. Mr. Bowser informed me that defendant's summary judgment motion appeared to have been filed in violation of Judge Patel's standing order that no dispositive motions may be filed prior to the initial Case Management Conference without leave of the court. Mr. Bowser noted that the initial Case Management Conference was scheduled for July 9, 2007 and that defendant did not appear to have made a request for leave to file its motion for summary judgement prior to that date.

3. Mr. Bowser suggested that it would be preferable to have the parties stipulate to a continuance of the summary judgement motion in order to allow Judge Patel the opportunity to discuss with the parties at the initial Case Management Conference whether it was appropriate to consider summary judgment at this stage of the proceedings, and if so to set the briefing schedule for defendant's motion.

4. I informed Mr. Bowser that plaintiff's counsel were making every effort to obtain such a stipulation and inquired as to the proper procedure to request a continuance if these efforts were not successful.

5. Mr. Bowser suggested that in the absence of a stipulation it would be appropriate to file a request for a continuance ex parte in light of the violation of Judge Patel's standing orders and the limited time remaining before both the due date for plaintiff's opposition and the initial Case Management Conference.

1        6.    Following my conversation with Mr. Bowser I reviewed Judge Patel's standing orders and the Local Rules for the Northern District of California. Based on my review I left a voice mail message for Mr. Bowser asking for clarification that Judge Patel's standing order requiring leave of the court to file a motion for dismissal prior to the initial Case Management Conference also applied to a motion for summary judgment. I also asked for clarification that in the absence of stipulation it was proper to file a request for a continuance ex parte. I left this voice mail message on the afternoon of June 26, 2007. As of the afternoon of June 27, 2007 I had not received a response from Mr. Bowser. I took this as confirmation that the standing order regarding motions for dismissal applied to motions for summary judgment and that the ex parte filing of a request for a continuance was proper.

        7.    After I received the signed declaration of David M. Porter, filed herewith, Mr. Porter telephoned shortly after noon on July 27, 2007 to inform me that he had spoken to opposing counsel. Mr. Porter informed me that at this time defendant would not agree to stipulate to a continuance of its summary judgment motion but that defendant's counsel indicated a willingness to discuss the matter further. Mr. Porter informed me that he was on his way to the airport to board a flight out of town and would be unable to add this additional information to his declaration.

        I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct and, if called as a witness, I could testify competently thereto.

        Executed at San Francisco, California on June 27, 2007.

                                    /s/ Jeremy A. Graham
                                    JEREMY A. GRAHAM

## ATTESTATION

I, STEPHEN M. MURPHY, hereby declare as follows:

I am one of the attorneys of record for Plaintiff Christine Dougherty in this action and am duly authorized to practice law in the State of California.

I hereby attest that concurrence from Jeremy A. Graham has been obtained in the filing of this Declaration.

I declare under the penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct and, if called as a witness, I could testify competently thereto.

Executed at San Francisco, California on June 27, 2007.

    /s/ Stephen M. Murphy
    STEPHEN M. MURPHY