LEWIS BRISBOIS BISGAARD & SMITH LLP
Julian J. Pardini, Esq.  SB# 133878
Stephen J. Liberatore, Esq.  SB# 129772
One Sansome Street
Suite 1400, San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES ONE through TWENTY, Inclusive,<br><br>Defendant. | CASE NO. C 07-01140 MHP<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMCO INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S EX PARTE REQUEST TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT |

Defendant AMCO Insurance Company ("AMCO") submits the following memorandum of points and authorities in opposition to the ex parte request of Plaintiff Christine Dougherty ("Plaintiff") to continue the hearing on AMCO's motion for summary judgment or, in the alternative, partial summary judgment.

I. INTRODUCTION

Plaintiff's request suggests that AMCO's pending motion took her by surprise, that the motion may not be proper, and that she should be given the opportunity to conduct certain depositions so as to prepare her opposition. But her request ignores the fact that Plaintiff and her counsel know, and have known for years, all the factual information underlying AMCO's motion and that no discovery is necessary to any opposition she might offer. Plaintiff's request is rife with falsehoods and failures to state other pertinent truths about this litigation and its background facts. Her request should be denied.

## II. ARGUMENT

### A. Plaintiff's Ex Parte Request Is Improper

This Court's Civil Local Rule 7-10 states:

> Unless otherwise ordered by the assigned Judge, a party may an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

Plaintiff's ex parte request to continue the hearing date of AMCO's motion for summary judgment is devoid of any reference to the statute, rule or order that permits the use of an ex parte motion. Indeed, the only indication that Plaintiff gives that her ex parte request is proper is the statement of her counsel that he left a message for Judge Patel's clerk regarding whether an ex parte request for continuance of the hearing was proper and that *the absence of any response from the clerk* was confirmation that the ex parte request was proper.

Plaintiff's request should be denied because it is improperly made.

### B. Plaintiff and Her Counsel Already Know the Facts Needed to Oppose AMCO's Motion for Summary Judgment

Plaintiff's request rests on the false premise that she has not had the opportunity to gather information needed to oppose AMCO's motion for summary judgment. But Plaintiff and her counsel became involved in the dispute presented by this litigation long before she filed this lawsuit and they conveniently forget to tell the Court the whole truth.

As set forth in AMCO's motion for summary judgment,[1] Plaintiff was involved in an automobile accident on April 17, 2001. Her present counsel have been aware of the issues involved in this litigation since at least April 16, 2002 when they filed suit on behalf of Plaintiff against the other driver involved in that accident; that case settled in December 2002. In

---

[1] All of the facts summarized in this section are set forth in AMCO's motion for summary judgment, with supporting declarations and exhibits. For the sake of brevity, the supporting declarations and exhibits will not be reproduced here. (Declaration of Liberatore, ¶2.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

January 2003 Plaintiff's counsel advised AMCO that Plaintiff wished to file an underinsured motorist claim and in July 2003 they submitted a settlement demand and information in support thereof to AMCO. In August 2003 AMCO claims personnel requested additional information from Plaintiff, some of which her counsel provided and the rest of which her counsel stated he <u>would</u> provide; no additional information was ever provided. In November 2003 AMCO advised Plaintiff's counsel that the information submitted in support of her claim did not indicate that she was entitled to any underinsured motorist coverage benefits, and invited Plaintiff's counsel to submit additional information. Again, no additional information was provided.

AMCO renewed its request for additional information *eight* more times, but neither Plaintiff nor her counsel responded. In September 2004, AMCO advised Plaintiff and her counsel that it was closing its file; in apparent response thereto, in November 2004 Plaintiff invoked the arbitration provisions of her AMCO policy to resolve the issue of the value of her underinsured motorist claim. AMCO agreed to proceed to arbitration.

The parties then engaged in the arbitration process and an arbitration hearing before the Honorable Alfred Chiantelli, Judge (ret.), in January 2006. Throughout that process AMCO maintained that no underinsured motorist coverage benefits were due to be paid to Plaintiff because she had been adequately compensated for the injuries she allegedly sustained in the auto accident by the settlement reached in her lawsuit against the other driver (and by the "med-pay" benefits paid by AMCO).

In advance of filing the instant request, Plaintiff's counsel explained to the undersigned that he wished to depose certain AMCO claims personnel to learn "why AMCO made no effort to settle" Plaintiff's underinsured motorist claim. (Decl. of Liberatore, ¶3.) Given the above-described history, one cannot help but wonder how Plaintiff's counsel can believe that AMCO made no such effort, and what information he believes he will obtain via depositions that he does not already know based on his own participation in the making and handling of Plaintiff's

///

///

///

1  underinsured motorist claim and the arbitration process.[2/]  AMCO contends that Plaintiff, or
2  probably more precisely her counsel, has all the information needed to oppose AMCO's motion
3  for summary judgment but make the instant request to prevent the Court from hearing and ruling
4  on the motion.

### C. Plaintiff Has Been Dilatory in the Prosecution of This Lawsuit

Plaintiff filed <u>this</u> lawsuit on January 24, 2007 in the Superior Court of California, County of San Francisco, and served Defendant AMCO on January 25. Under California Code of Civil Procedure section 2025.210(b), Plaintiff could have noticed depositions as early as February 14 without leave of court; Plaintiff did nothing.

On February 26, AMCO removed the case to United States District Court, Northern District of California; the case was assigned to Magistrate Judge Wayne D. Brazil. Per Judge Brazil's initial order, the parties were required to make their initial disclosures pursuant to Federal Rules of Civil Procedure, Rule 26 on May 29. AMCO made its initial disclosures; Plaintiff did not, and to date, has not made its required initial disclosures. (Decl. of Liberatore, ¶4.)

Also on May 29, the parties were required to and did file their Joint Case Management Statement, at which time, and for the first time, Plaintiff advised that she refused to consent to the assignment of the action to a United States Magistrate Judge for trial. On May 30, this Court ordered that the case management conference that was scheduled for June 4 (before Judge Brazil) be vacated and that the case be re-assigned Judge Marilyn Hall Patel.

AMCO filed its motion for summary judgment precisely because it does not believe the underlying facts are in dispute and that the case can and should be resolved by the motion and without the need to engage in expensive and time-consuming discovery. (Decl. of Liberatore, ¶5.) In her request, Plaintiff claims that "[d]ue to the nature of an insurance bad faith claim, most of the evidence supporting plaintiff's allegations is in the exclusive possession of defendant." Such

---

[2/] On June 1, 2007, AMCO produced to Plaintiff's counsel all non-privileged documents included in its initial disclosure pursuant to Federal Rules of Civil Procedure, Rule 26. These included AMCO's claim file and claims personnel diary notes regarding their handling of Plaintiff's claim.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

statement is overly broad and Plaintiff offers no specific example of what information AMCO has that she does not have and that she needs to oppose AMCO's motion. As stated above, one is hard-pressed to imagine, given Plaintiff's and her counsel's lengthy involvement with the issues presented here, what information they do not already possess that is needed to oppose the motion.

Plaintiff has already had more than four months to notice and take the depositions of persons she believes have information pertinent to this action, yet she has done nothing to obtain their testimony. Further, Plaintiff has ignored her obligations under Federal Rules of Civil Procedure and Judge Brazil's calendaring order to make the required initial disclosures. Now she wants another six months to conduct discovery. The Court should not reward such behavior.

### D. AMCO Did Not Violate Judge Patel's Standing Order

Plaintiff argues that AMCO's pending motion violates Judge Patel's Standing Order No. 4, which states: "Motions to dismiss shall not be filed before the initial Case Management Conference except by leave of court." Plaintiff also claims, falsely, that "Judge Patel's clerk represented to plaintiff's counsel that the requirement to obtain such leave applied to 'all dispositive motions' and that defendant failed to obtain leave prior to filing its motion for summary judgment." (Plaintiff's Request at 2:12-14.)

But AMCO's motion is one for summary judgment or, in the alternative, partial summary judgment, not a motion to dismiss. Judge Patel's Standing Order No. 7 specifically addresses motions for summary judgment, thus establishing that motions to dismiss are not motions for summary judgment and that Judge Patel knows the difference between the two.

More troubling, however, is Plaintiff's counsel blatant misrepresentation regarding what Judge Patel's clerk supposedly told them. The above-quoted statement from Plaintiff's brief cannot be misread: Plaintiff, or more precisely her attorneys, claim that Judge Patel's clerk told them that Standing Order No. 7 applied to "all dispositive motions," their use of quotation marks indicating that the phrase was the clerk's phrase. However, facing the penalty of perjury, in his declaration Plaintiff's counsel tells the truth, stating that he left a message for Judge Patel's clerk asking whether Standing Order No. 7 applied to motions for summary judgment and concluded, *from the absence of any response from the clerk*, that his preferred interpretation of the rule was

1  correct. (See Decl. of Graham, ¶6.)

2  Apparently Plaintiff's counsel concluded that telling the truth would not support their request to continue the hearing, and indeed, as set forth below, the truth does not support the pending request. The Court should not reward their false statements by postponing the hearing.

**III.  CONCLUSION**

For the foregoing reasons, AMCO respectfully requests that the Court deny Plaintiff's ex parte request to continue the hearing on AMCO's motion for summary judgment or, in the alternative, partial summary judgment.

Dated: June 29, 2007

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Julian J. Pardini
Stephen J. Liberatore
Attorneys for Defendant
AMCO Insurance Company