**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julian J. Pardini, Esq. SB# 133878
Stephen J. Liberatore, Esq. SB# 129772
One Sansome Street
Suite 1400, San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY,<br><br>    Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES ONE through TWENTY, Inclusive,<br><br>    Defendant. | CASE NO. C 07-01140 MHP<br><br>**DECLARATION OF STEPHEN J. LIBERATORE IN SUPPORT OF DEFENDANT AMCO INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S EX PARTE REQUEST TO CONTINUE HEARING DATE RE: AMCO'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |

I, Stephen J. Liberatore, declare:

1. I am an attorney at law, duly licensed to practice before the United States District Court, Northern District of California, and as partner in the law firm of Lewis Brisbois Bisgaard & Smith LLP, am one of the attorneys of record for Defendant AMCO Insurance Company ("AMCO") in the above-captioned matter. I make this declaration in support of AMCO's Opposition to Plaintiff's Ex Parte Request to Continue Hearing on Motion for Summary Judgment.

2. The facts that are summarized in section B of the accompanying memorandum of points and authorities (see Opp'n Brief, at 2:22-3:19) are set forth in AMCO's motion for summary judgment, with supporting declarations and exhibits. For the sake of brevity, the supporting declarations and exhibits are not re-presented to the Court here. Also, the dates referred to in the memorandum of points and authorities regarding when the parties' initial disclosures were due were

1  part of Judge Brazil's original scheduling order and, I presume, that order is in the Court's file.

2      3.    I was out-of-state on Monday, June 25 and Tuesday, June 26. My voice-mail greeting indicated that I would check my voice-mail messages and return calls as my schedule allowed. I returned Mr. Porter's voice-mail message on Wednesday morning, June 27, upon my return to the office. He was not available when I called, and so I left him a message, which he returned shortly thereafter. We discussed his request that AMCO stipulate to a continuance of the hearing on its motion for summary judgment so that he could conduct certain depositions, and he identified the three persons he wished to depose. When I asked what information he hoped to obtain via the depositions that he did not already have, he stated he wanted to learn "why AMCO made no effort to settle" Plaintiff's underinsured motorist claim. Attached hereto and marked **Exhibit A** is a true and correct copy of the letter I wrote to Mr. Porter after our telephone conversation.

    4.    As noted in the accompanying memorandum of points and authorities, Plaintiff has not yet made the required Federal Rules of Civil Procedure, Rule 26 initial disclosures, which were due to be made, per Judge Brazil earlier scheduling order, on May 29, 2007. Mr. Porter had advised in the days before the due date that he did not think he would be able to meet the deadline but that he would be able to make the disclosures by the end of that week, which ended on Friday, June 1, 2007. With the understanding that Mr. Porter needed a few extra days to prepare and make Plaintiff's initial disclosures, I agreed that such timeline would be acceptable. Mr. Porter did not abide by his own representation regarding when Plaintiff's initial disclosures would be made.

    5.    AMCO filed its motion for summary judgment when it did because it does not believe that the pertinent facts are in dispute and that this case can be resolved without the need for expensive and time-consuming discovery. The underlying facts are, or should be, well-known to Plaintiff and her counsel given their intimate involvement with those facts for at least the last five years.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 29th day of June, 2007, at San Francisco, California.



Stephen J. Liberatore

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

# EXHIBIT "A"

4810-6636-2880.1

# LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

ONE SANSOME STREET, SUITE 1400, SAN FRANCISCO, CA 94104
PHONE: 415.362.2580 | FAX: 415.434.0882 | WEBSITE: www.lbbslaw.com

STEPHEN J. LIBERATORE  
DIRECT DIAL: 415.262.8510  
E-MAIL: liberatore@lbbslaw.com

June 27, 2007

FILE NO.  
26198-131

**Via Facsimile Transmission to (415) 391-9515**  
David M. Porter, Esq.  
Law Offices of David M. Porter  
101 California Street, Suite 2050  
San Francisco, CA 94111

      Re:    *Christine Dougherty v. AMCO Insurance Company*  
              U.S. District Court, Northern District of California Case No. C 07 1140 MHP  
              <u>(removed from San Francisco County Superior Court, Case No. C04-433301)</u>

Dear Mr. Porter:

      This letter confirms our telephone conversation this date.

      You had left me a telephone voice-mail message requesting that AMCO stipulate to a continuance of the hearing on its pending motion for summary judgment to allow Plaintiff to conduct discovery. In our discussion, I asked what information you believe you need to obtain in discovery (via interrogatories, requests for production of documents, and/or deposition) in order to oppose the motion.

      You indicated that you want to depose Jeff Mangone (the claim adjuster who handled Ms. Dougherty's underinsured motorist claim), his supervisor, and AMCO attorney Renton Rolph. Though you indicated that you did not wish to debate to motion or the facts of the case, you stated your general thought that AMCO's motion is premature. You stated that you want to find out why, as you put it, AMCO made no effort to settle the case. You expressed your view that the *Rappaport-Scott* case does not stand for the principle for which AMCO cited it in its motion. You also advised that Judge Patel's clerk had indicated to you that AMCO's motion for summary judgment may violate her standing order. Also, you stated that you believe Rule 56 entitles Plaintiff to the requested continuance.

      While I appreciate your outlining the discovery you want to undertake, I am still uncertain what relevance that discovery has to Plaintiff's opposition to AMCO's motion for summary judgment. Simply put, this case presents a difference of opinion regarding the value of Plaintiff's

| CHICAGO | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW YORK | ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | TUCSON |
|---|---|---|---|---|---|---|---|---|---|---|
| 312.345.1718 | 337.326.5777 | 702.893.3383 | 213.250.1800 | 212.232.1300 | 714.545.9200 | 602.385.1040 | 916.564.5400 | 909.387.1130 | 619.233.1006 | 520.202.2565 |

4831-6577-6641.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

David M. Porter, Esq.
June 27, 2007
Page 2

claim against Mr. Osmidoff; as stated in Mr. Mangone's numerous communications with Mr. Murphy, AMCO believed that Plaintiff had been adequately compensated for her injuries by the monies she had already received, and invited Plaintiff to submit additional information. No additional information was forthcoming. All of this is memorialized in the claim file materials that were previously produced to Plaintiff.

    I do not wish to put Plaintiff (and you) to the task of motion practice if we can agree that it is not necessary, and so I invite you to provide further explanation regarding how the discovery you wish to conduct is relevant to the issues presented by AMCO's motion. Please feel free to contact me at your convenience to discuss this issue further.

    I look forward to hearing from you.

Very truly yours,

Stephen J. Liberatore of
LEWIS BRISBOIS BISGAARD & SMITH LLP

SJL:ask

cc:    Stephen M. Murphy, Esq. (via fax: (415) 986-1231)

4831-6577-6641.1