**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Julian J. Pardini, Esq. SB# 133878
Stephen J. Liberatore, Esq. SB# 129772
One Sansome Street
Suite 1400, San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES ONE through TWENTY, Inclusive,<br><br>Defendant. | CASE NO. C 07-01140 MHP<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF DEFENDANT AMCO INSURANCE COMPANY FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br>Dept.: 15 — Hon. Marilyn Hall Patel |

Defendant AMCO Insurance Company ("AMCO"), by and through its attorneys, hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following:

1. That on January 24, 2007, Plaintiff Christine Dougherty filed the complaint in this action in the Superior Court of the State of California, County of San Francisco, a true and correct copy of which is attached hereto as **Exhibit U**. (The case was later removed to federal court.)

Dated: March 19, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By_____
Julian J. Pardini
Stephen J. Liberatore
Attorneys for Defendant
AMCO Insurance Company

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   Julian J. Pardini, Esq.  SB# 133878
2  Stephen J. Liberatore, Esq.  SB# 129772
   One Sansome Street
3  Suite 1400, San Francisco, California 94104
   Telephone: (415) 362-2580
4  Facsimile: (415) 434-0882

5  Attorneys for Defendant
   AMCO INSURANCE COMPANY
6

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CHRISTINE DOUGHERTY, | ) CASE NO. C 07-01140 MHP |
| 12         Plaintiff, | ) **REQUEST FOR JUDICIAL NOTICE IN** |
| 13     v. | ) **SUPPORT OF MOTION OF DEFENDANT** |
| 14 | ) **AMCO INSURANCE COMPANY FOR** |
| | ) **SUMMARY JUDGMENT, OR IN THE** |
| | ) **ALTERNATIVE, PARTIAL SUMMARY** |
| 15  AMCO INSURANCE COMPANY, and DOES | ) **JUDGMENT** |
|     ONE through TWENTY, Inclusive, | ) |
| 16 | ) Date:  July 30, 2007 |
| 17         Defendant. | ) Time:  2:00 p.m. |
| | ) Dept.: 15 — Hon. Marilyn Hall Patel |

18         Defendant AMCO Insurance Company ("AMCO"), by and through its attorneys, hereby

19  requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the

20  following:

21         1.     That on January 24, 2007, Plaintiff Christine Dougherty filed the complaint in this

22  action in the Superior Court of the State of California, County of San Francisco, a true and correct

23  copy of which is attached hereto as **Exhibit U**. (The case was later removed to federal court.)

24  Dated: June 22, 2007                    LEWIS BRISBOIS BISGAARD & SMITH LLP

25

26                                          By _____
27                                              Julian J. Pardini
                                                Stephen J. Liberatore
28                                          Attorneys for Defendant
                                            AMCO Insurance Company

4811-5814-6305.1                         -1-
REQUEST FOR JUDICIAL NOTICE
CASE NO. 07-01140 MHP

**EXHIBIT U**

```
 1  LAW OFFICES OF STEPHEN M. MURPHY
    STEPHEN M. MURPHY (SBN # 103768)
 2  180 Montgomery Street, Suite 940
    San Francisco, CA 94104
 3  Tel:  (415) 986-1338
    Fax: (415) 986-1231
 4
    LAW OFFICES OF DAVID M. PORTER
 5  DAVID M. PORTER (SBN # 124500)
    101 California Street, Suite 2050
 6  San Francisco, CA 94111
    Tel: (415) 982-8600
 7  Fax: (415) 391-9515

 8  Attorneys for Plaintiff
    Christine Dougherty
```

ENDORSED
F I L E D
San Francisco County Superior Court

JAN 2 4 2007
GORDON PARK-LI, Clerk
BY: PARAM NATT
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUN 2 9 2007 -9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CHRISTINE DOUGHERTY,

Plaintiff,

v.

AMCO INSURANCE COMPANY and DOES ONE through TWENTY, Inclusive,

Defendants.

NO. CGC-07-459877

**COMPLAINT FOR DAMAGES**
(Insurance Bad Faith)

**JURY TRIAL DEMANDED**

Plaintiff CHRISTINE DOUGHERTY alleges:

1. Defendants DOES ONE through TWENTY are sued herein under fictitious names; plaintiff does not at this time know the true names or capacities of said defendants, but prays that the same may be inserted

1 herein when ascertained.

2. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

3. Plaintiff is informed and believes and thereon alleges that at all relevant times defendants AMCO INSURANCE COMPANY and DOES ONE through TEN were corporations doing the business of insurance in California.

4. In or about October of 2000, defendants issued an automobile insurance policy to plaintiff under her married name of Christine D. Rayburn, Policy Number PPA 0008899321-1 (hereinafter, the "POLICY"). A copy of said POLICY is attached hereto and incorporated herein as Exhibit 1. Plaintiff was a named insured under the POLICY, which was in effect at all relevant times, and in particular on April 17, 2001 when a vehicle driven by an underinsured driver negligently collided with Plaintiff's vehicle, causing her to suffer severe bodily injuries.

5. Under the terms of the POLICY, plaintiff was obligated to pay premiums to keep the POLICY in effect. Under the terms of the POLICY, defendants agreed to provide insurance coverage against all of plaintiff's losses from covered occurrences, including Underinsured Motorist coverage in amounts up to $100,000 per person.

6. In the POLICY, and prior to its inception, defendants represented to plaintiff that they would, in the event plaintiff suffered bodily injuries from a covered accident with an uninsured driver, compensate plaintiff for such injuries under the Underinsured Motorist coverage.

7. Throughout the period of POLICY and its renewals, plaintiff

FROM :LAW OFFICE        FAX NO. :4159861231        Jan. 25 2007 12:44PM P6

promptly paid premiums and performed each act required on her part to keep the POLICY in full force and effect. Plaintiff intended and expected thereby to be assured of peace of mind and financial economic security in the event of an automobile accident, and in particular, in the event of an accident for which an underinsured or unknown driver was at fault.

8. On or about April 17, 2001, plaintiff was driving her vehicle on San Marin Drive at the intersection of Simmons Lane in Novato, California when her car was struck by an underinsured motorist.

9. Plaintiff was injured in the collision and has been treated for various medical problems caused by to the incident.

10. Shortly after the accident, plaintiff reported the accident to the defendants, and after settlement with the underinsured motorist, made a claim under the Underinsured Motorist provision of the POLICY on or about January 6, 2003. Defendants handled and made decisions on plaintiff's claim beginning in January 2003 until the arbitration hearing over three years later, on January 26, 2006.

11. The defendants acknowledged that plaintiff was injured in the subject incident.

12. Despite the fact that liability under the Underinsured Motorist coverage portion of the POLICY was clear, and despite the fact that defendants acknowledged that plaintiff had been injured in the subject accident, at no time before the arbitration hearing did defendants make a payment to plaintiff under the Underinsured Motorist coverage portion of the POLICY.

13. In response to defendants' request, in January 2003 plaintiff's counsel provided defendants with copies of documentation regarding

plaintiff's underlying claim against the underinsured motorist. In October 2004, approximately three and one half years after the accident, plaintiff's counsel demanded arbitration under the Underinsured Motorist coverage portion of the POLICY, not having received any payment from defendants under that coverage. Despite several settlement demands by plaintiff's counsel, defendants refused to make any settlement offer and forced plaintiff to arbitrate her underinsured motorist claim.

14. The arbitration took place on January 26, 2006 before the Honorable Alfred Chiantelli (retired). On March 1, 2006, the arbitrator issued a ruling awarding plaintiff damages in the amount of $107,874, including an offset of $35,000 for the payment by the underinsured motorist, leaving a net recovery to plaintiff of $72,874. On November 8, 2006, the Superior Court of the State of California, County of San Francisco, confirmed the arbitration award and on November 28, 2006 entered judgment in favor of plaintiff and against defendant for $72,874 together with costs of suit. Defendant has satisfied the judgment except for payment of the costs of suit.

15. By failing and refusing to pay benefits under these provisions of POLICY as required and by forcing plaintiff to arbitrate her underinsured motorist claim, defendants have acted in bad faith and breached their contractual obligations to plaintiff.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

16. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 15 above.

17. Plaintiff and defendants entered into a written contract of

1 insurance which provided underinsured motorist coverage. Plaintiff was
2 involved in an accident with an underinsured motorist.
3   18.   Plaintiff made claims under her underinsured motorist coverage.
4 At all times, plaintiff met all of her obligations under the insurance contract.
5   19.   Defendants breached the contract of insurance by the way in
6 which they handled, and mishandled, plaintiff's claims for underinsured
7 motorist benefits. They did not pay promptly and/or handle the claim fairly.
8   20.   As a direct result of defendants' breaches of the insurance
9 contract, including the implied covenant of good faith and fair dealing,
10 plaintiff suffered damages including, but not limited to increased litigation
11 expenses, increased personal expenses, loss of interest, increased attorneys
12 fees, emotional distress, other financial losses, and other general and
13 special damages.

**SECOND CAUSE OF ACTION**
(Breach of Covenant of
Good Faith and Fair Dealing)

16   21.   Plaintiff realleges and incorporates by reference the allegations
17 of Paragraphs 1 through 20 above.
18   22.   At all relevant times, defendants agreed to act in good faith and
19 deal fairly with plaintiff when they entered into the POLICY and accepted
20 premiums from plaintiff. Defendants thereby assumed quasi-fiduciary
21 obligations to plaintiff and agreed to abide by such duties. Nevertheless,
22 defendants refused and failed to act in good faith and deal fairly with
23 plaintiff and breached said quasi-fiduciary obligations, as is set forth more
24 particularly herein.
25   23.   In the absence of a reasonable basis for doing so, and with full
26 knowledge and/or reckless disregard of the consequences, defendants have

failed and refused to indemnify plaintiff under POLICY and the laws of California, despite defendants' knowledge of facts mandating payment, until plaintiff obtained an arbitration award.

24. Defendants engaged in a course of conduct to further their own economic interests and in violation of their contractual and fiduciary obligations to plaintiff including but not limited to:

   a. misrepresentation of pertinent policy provisions and coverages at issue;
   b. unreasonable delays in acting upon plaintiff's claim;
   c. unreasonable and improper investigation and/or handling of plaintiff's claim;
   d. denying coverage for certain losses when the facts and POLICY provisions warranted payment;
   e. in the above and other conduct, violation of the California Insurance Code;
   f. failing and refusing to make payment to plaintiff (or even an offer) when liability under the policy was clear; and
   g. other wrongful and illegal conduct.

25. On information and belief, this conduct was part of a larger pattern of conduct involving the issuance of similar policies and/or claims of other similarly situated insureds throughout California within the past several years and up to the present. In pursuing this wrongful course of conduct herein, defendants were pursuing unfair trade practices.

26. The above course of conduct was pursued without due regard for and in reckless and conscious disregard of the medical, physical, emotional and financial circumstances of and potentially adverse

1 | consequences to plaintiff.

2 |     27.  Defendants pursued this course of despicable conduct
3 | intentionally, maliciously, in conscious disregard of the rights of plaintiff,
4 | fraudulently, and/or with reckless disregard of the likelihood of causing
5 | plaintiff extreme detriment to its business, and in furtherance of defendants'
6 | own economic interests at the expense of plaintiff economic interests and
7 | well-being.

8 |     28.  As a proximate result of defendants' conduct, plaintiff has
9 | suffered and continues to suffer humiliation, emotional distress, and mental
10 | anguish, all to her damage in a sum according to proof.

11 |     29.  As a further direct and proximate result of the conduct of
12 | defendants, plaintiff has incurred and will incur economic detriment
13 | including but not limited to lost interest and/or interest incurred on moneys
14 | borrowed and other special damages in an amount not yet determined.

15 |     30.  Plaintiff has incurred and continues to incur legal expenses and
16 | attorneys' fees. Plaintiff is presently unaware of the precise amount of such
17 | expenses and fees, and prays leave of court to amend this complaint when
18 | those amounts are more fully known.

19 |     31.  Defendants committed the acts alleged herein maliciously,
20 | fraudulently, and oppressively, with the wrongful intention of injuring
21 | plaintiff, and acted with an improper and evil motive amounting to malice
22 | and in conscious disregard of plaintiff's rights. Because the acts taken
23 | towards plaintiff were carried out by defendants acting in a despicable,
24 | deliberate, cold, callous, and intentional manner in order to injure and
25 | damage plaintiff, she is entitled to recover punitive damages in an amount
26 | according to proof.

FROM :LAW OFFICE    FAX NO. :4159861231    Jan. 25 2007 12:46PM P11

1   WHEREFORE, PLAINTIFF prays judgment against defendants, and
2   each of them, as follows:
3   1.  For general damages for emotional distress, humiliation, and
4   mental anguish according to proof.
5   2.  For lost interest and/or interest incurred on moneys borrowed,
6   increased litigation expenses, increased personal expenses, increased
7   attorneys fees, other financial losses according to proof;
8   3.  For exemplary (punitive) damages according to proof;
9   4.  For reasonable attorneys' fees and costs and expenses of
10  litigation;
11  5.  For prejudgment interest; and,
12  6.  For such other and further relief as the court may deem just and
13  proper.
14  DATED: January 24, 2007    LAW OFFICES OF STEPHEN M. MURPHY

BY: _____
STEPHEN M. MURPHY
Attorneys for Plaintiff