# LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

ONE SANSOME STREET, SUITE 1400, SAN FRANCISCO, CA 94104
PHONE: 415.362.2580 | FAX: 415.434.0882 | WEBSITE: www.lbbslaw.com

JULIAN J. PARDINI
DIRECT DIAL: 415.262.8506
E-MAIL: pardini@lbbslaw.com

April 2, 2008

FILE NO.
26198-131

The Honorable Marilyn Hall Patel
United States District Judge
United States District Court, Northern District of California
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, California 94102-3483

Re: *Christine Dougherty v. AMCO Insurance Company et al.*
U.S. District Case No. :   C 07-01140 MHP

Dear Judge Patel:

This letter addresses Plaintiff counsel's letters of March 28 and April 1 filed with the Court. We disagree with counsel's characterization of the communications by this office and with counsel's view of the discovery disputes.

Preliminarily, on March 28 we telephoned the Court to schedule a telephone conference pursuant to Plaintiff's counsel's request. We received a voice mail message back from the court clerk, and returned that call. We have not received any additional telephone calls from the Court or Plaintiff's counsel regarding this issue since that time.

We address the four alleged "deficiencies" in our client's discovery responses below.

1.   **Reserve Information**

In March AMCO produced senior litigation specialist Michael McKeever as the Person Most Knowledgeable to testify about "all data relied upon by AMCO in setting reserves for Plaintiff's Claim." While Mr. McKeever's testimony may not have been as definitive as Plaintiff's counsel would like, counsel's assertion that Mr. McKeever "candidly testified that he had no knowledge in this area" is inaccurate. Mr. McKeever provided testimony regarding reserves, including AMCO's procedures for setting reserves. Our post-deposition investigation confirmed that Mr. McKeever is and remains AMCO's PMK regarding this subject.

CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TUCSON

4812-6010-7266.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

The Honorable Marilyn Hall Patel
April 2, 2008
Page 2

### 2. Colossus Narrative Report

AMCO has produced all Colossus documents in its possession or that are reasonably available to it that are responsive to Plaintiff's requests. AMCO attempted to obtain the Colossus narrative report, but it is not in Computer Sciences Corporation's archives or databases, and no hard copy was retained. Narrative reports are created when data is entered into the Colossus system, using variables within the system at that time. Because no hard copy exists, CSC would have to recreate the report, but there is no way to recreate the precise variables that existed when the report was first generated for Plaintiff's claim. Even if it did so, it would not be the report that was generated in this claim, and thus has no value in this litigation.

### 3. Stipulation for Protective Order

AMCO withheld documents responsive to Plaintiff's first request for production pending execution of a Stipulation for Protective Order, which we forwarded to Plaintiff's counsel for execution on October 5, 2007. He did not return the signed Stipulation until December 21, after which we filed it with the Court and produced additional documents. We recently learned of additional materials responsive to Plaintiff's requests, and will produce them shortly.

### 4. Subrogation Information

AMCO removed a portion of a claim note entry containing subrogation information because it is irrelevant to this case and AMCO's business practices regarding subrogation is confidential information protected by its privacy rights, including those protecting trade secrets and proprietary information. Plaintiff's counsel has not responded to our requests to provide us with the potential relevance of this information to this case.

**We would also like to discuss with the Court and counsel three additional issues:**

(1) Plaintiff testified in deposition that she suffered severe emotional distress because of AMCO's conduct, and sought treatment with a psychotherapist specifically for that distress. Plaintiff therefore clearly tendered her emotional condition in this lawsuit. AMCO is entitled to examine Plaintiff at deposition regarding the nature and extent of her psychotherapy treatment as a result of AMCO's conduct, as well as other potential stressors in her life at that time. Plaintiff's counsel refused to allow her to respond to questions at deposition on this issue.

(2) AMCO is entitled to obtain Plaintiff's psychotherapy treatment records, including but not limited to those from the psychotherapist with whom Plaintiff treated for the distress caused by AMCO's alleged conduct. However, Plaintiff's counsel has refused to allow AMCO access to these records.

4812-6010-7266.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

The Honorable Marilyn Hall Patel
April 2, 2008
Page 3

    (3) Plaintiff's counsel was allowed to depose AMCO's adjuster regarding his handling of Plaintiff's claim and his communications with counsel. It is only fair that AMCO be given the same opportunity and be allowed to depose Mr. Murphy, Plaintiff's representative throughout her claim. This is especially important given that Mr. Murphy's conduct during this claim is critical to AMCO's defense in this case.

    We have repeatedly attempted to resolve these issues with Plaintiff's counsel so as not to involve the Court, to no avail. We look forward to reaching a resolution of these matters. We are available to participate in a conference call with the Court and counsel at the Court's convenience.

Very truly yours,

Julian J. Pardini of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4812-6010-7266.1