LEWIS BRISBOIS BISGAARD & SMITH LLP
Julian J. Pardini, Esq.  SB# 133878
Stephen J. Liberatore, Esq.  SB# 129772
Rowena C. Seto, Esq.  SB# 235103
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES ONE through TWENTY, Inclusive,<br><br>Defendant. | CASE NO. C 07-01140 MHP<br><br>**DECLARATION OF JULIAN J. PARDINI IN SUPPORT OF DEFENDANT AMCO INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO AMCO'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: April 28, 2008<br>Time: 2:00 p.m.<br>Dept.: 15 — Hon. Marilyn Hall Patel |

I, Julian J. Pardini, declare:

1.   I am an attorney at law, duly licensed to practice before all courts of the State of California, as well as the United States District Court, Northern District of California, and, as a partner in the law firm of Lewis Brisbois Bisgaard & Smith, LLP, am one of the attorneys of record for AMCO Insurance Company ("AMCO"), the defendant in the above-referenced litigation. I make this declaration in support of AMCO's Reply to Plaintiff's Opposition to AMCO's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment. I have personal knowledge of the matters set forth herein and, if called upon, could and would testify competently thereto.

2.   In her opposition, Plaintiff urges the Court to permit her to conduct additional discovery should the Court be inclined to grant AMCO's motion. In support of that position,

1  Plaintiff claims, "On the day this Opposition was filed, defendant agreed to produce Mr. Mangone
2  for further questioning and allow him to testify regarding his setting of the reserves." (Opp. Br. at
3  24:9-10.) This statement is false. At no time have I agreed with Plaintiff's counsel to produce
4  Mr. Mangone for further questioning on the issue of setting of reserves.

5      3. On the date Plaintiff's opposition was due and was filed, April 7, 2008, I had no
6  communication with Plaintiff's counsel except for an exchange of e-mails regarding the parties'
7  Joint Statement of Undisputed Facts. Those communications did not address the issue of the
8  Person Most Knowledgeable at AMCO regarding the setting of reserves. At no time have I, or any
9  other representative of AMCO, advised Plaintiff's counsel that AMCO would produce
10 Mr. Mangone for further questioning about the reserve issue.

11     4. As the Court will recall, the parties participated in a telephonic discovery
12 conference with the Court on Tuesday, April 8, 2008, at 2:30 p.m. Those attending were the
13 Honorable Marilyn Hall Patel, Judge of the United States District Court, Northern District of
14 California, Plaintiff's counsel David Porter and Jeremy Graham, my associate Rowena Seto, and I.
15 During that conference, the parties discussed the deposition of the Person Most Knowledgeable at
16 AMCO regarding setting the reserves for Plaintiff's underlying insurance claim. AMCO had
17 previously produced senior litigation specialist Michael McKeever to testify regarding this issue,
18 but Plaintiff's counsel subsequently advised that they wanted to depose an AMCO employee with
19 more specific knowledge of the reserves issue. During the telephonic conference, I advised the
20 Court that AMCO had agreed to produce another individual who could more specifically provide
21 information regarding reserves. I identified claims manager Kelly Bellinghausen as that witness.
22 Plaintiff's counsel contended that AMCO should re-produce claims adjuster Jeffrey Mangone as
23 this witness. I maintained that AMCO is entitled to and should select the Person Most
24 Knowledgeable at AMCO on any particular topic including this one, and that Ms. Bellinghausen
25 was well-positioned to provide pertinent information regarding reserves.

26     5. The Court ruled that AMCO could produce whomever it wanted as its Person Most
27 Knowledgeable, but if that person was not the Person Most Knowledgeable at AMCO on the topic
28 of reserves, AMCO might be responsible for Plaintiff's counsel's costs and fees related to the

deposition. Notably, the Court's Order after the telephonic conference provided that, "The Court ordered the following: 1) Mr. Pardini to make the Person Most Knowledgeable to testify available by the agreed date and time. Otherwise, Mr. Pardini will be ordered to pay costs and attorney fees." Nowhere does the Order state that I agreed to or would produce Mr. Mangone as the Person Most Knowledgeable at AMCO on the reserves issue and at no time did I so agree as stated in Plaintiff's opposition to the pending motion.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed this 14th day of April 2008, at Boston, Massachusetts.

/s/ Julian J. Pardini
Julian J. Pardini

4825-9108-0194.1      -3-

DECLARATION OF JULIAN J. PARDINI RE AMCO'S REPLY RE MOTION FOR SUMMARY JUDGMENT
CASE NO. 07-01140 MHP