1  LAW OFFICES OF STEPHEN M. MURPHY
   STEPHEN M. MURPHY (SBN # 103768)
2  JEREMY A. GRAHAM (SBN # 234166)
   180 Montgomery Street, Suite 940
3  San Francisco, CA 94104
   Tel:  (415) 986-1338
4  Fax: (415) 986-1231

5  LAW OFFICES OF DAVID M. PORTER
   DAVID M. PORTER (SBN # 124500)
6  44 Montgomery Street, Suite 2500
   San Francisco, CA 94104
7  Tel: (415) 982-8600
   Fax: (415) 391-7808
8
   Attorneys for Plaintiff
9  CHRISTINE DOUGHERTY

10

11
                    IN THE UNITED STATES DISTRICT COURT
12
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14 CHRISTINE DOUGHERTY,           )   NO. C 07-01140 MHP
                                  )
15                                )
   Plaintiff,                     )
16                                )   **PLAINTIFF'S NOTICE OF MOTION AND**
   v.                             )   **MOTION TO ENLARGE TIME SO THAT**
17                                )   **MOTION FOR SUMMARY**
                                  )   **ADJUDICATION MAY BE CONSIDERED**
18 AMCO INSURANCE COMPANY         )   **AS TIMELY; MEMORANDUM OF POINTS**
   and DOES ONE through TWENTY,   )   **AND AUTHORITIES IN SUPPORT**
19 Inclusive,                     )
                                  )
20 Defendants.                    )   Judge: Hon. Marilyn Hall Patel
                                  )   Dept.:  15
21 _____ __)

22

23 TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

24       NOTICE IS HEREBY GIVEN that, in Department 15 of the above-entitled Court

25 located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff CHRISTINE

26 DOUGHERTY hereby submits the following motion pursuant to Civil Local Rule 6-3:

---
PLAINTIFF'S MOTION TO ENLARGE TIME SO THAT MOTION FOR SUMMARY ADJUDICATION MAY BE CONSIDERED AS TIMELY                                                                                                          1

MOTION TO ENLARGE TIME SO THAT MOTION FOR SUMMARY ADJUDICATION MAY BE CONSIDERED AS TIMELY

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Supporting Declaration of Jeremy A. Graham, all pleadings, declarations, and exhibits previously filed herein, and upon such further argument, evidence, and authority as may be presented hereafter in its support.

Dated: May 5, 2008                    LAW OFFICES OF STEPHEN M. MURPHY

By: **/s/ Stephen M. Murphy**
STEPHEN M. MURPHY
Attorney for Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES

I.  **PROCEDURAL SUMMARY.**

On June 22, 2007 defendant filed a motion for summary judgment. The Court declined to hear this motion because it was filed prior to the initial case management conference in violation of this Court's standing orders. The Court's Pretrial Minute Order dated July 9, 2007, states that the "pending motion for summary judgment not to be heard at this time." (Document No. 28, filed on July 10, 2007.)

The Court ordered limited discovery and set a deadline for defendant to file a motion for summary judgment. The Court's further Pretrial Minute Order dated November 5, 2007, states that "defendant may file summary judgment motions (3/10/2008)." (Document No. 34, filed on Nov. 6, 2007.)

On January 24, 2008, The Court entered an Order Re Motion memorializing its prior minute orders. The Order states that "summary judgment motions shall be filed on or before March 10, 2008." (Document No. 38, filed on Jan. 25, 2008.) Defendant's motion for summary judgment was deemed withdrawn. (*Id*.)

A subsequent order extending the time to complete discovery was signed by the Court on February 21, 2008 pursuant to stipulation. (Document No. 41, filed on Feb.

22, 2008.) That Order stated that "the date by which the parties shall file summary judgment motions remains March 10, 2008." (*Id*.)

A final order extending time was signed by the Court on February 26, 2008 pursuant to stipulation. That Order stated that "the deadline for filing motions for summary judgment is set for March 24, 2008." (Document No. 44, filed on Feb. 28, 2008.)

Defendant filed a motion for summary judgment on March 19, 2008. The hearing on that motion is currently set for May 12, 2008. On April 29, 2008, plaintiff filed a motion for summary adjudication. On April 30, 2008, defense counsel sent a letter to plaintiff's counsel objecting to plaintiff's motion as untimely based on the Court's February 26, 2008, Order. (Exhibit A to Declaration of Jeremy A. Graham in Support of Plaintiff's Motion to Enlarge Time so that Motion for Summary Adjudication May Be Considered as Timely ("Graham Decl.") Plaintiff's counsel responded with a letter requesting that defendant stipulate to this Court accepting plaintiff's motion as timely. (Exh. B to Graham Decl.) Defense counsel did not reply to this request. (Graham Decl. at ¶ 4.)

**II. THE TIME FOR MOTIONS FOR SUMMARY JUDGMENT TO BE FILED SHOULD BE ENLARGED SO THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MAY BE CONSIDERED AS TIMELY.**

As indicated by the procedural history summarized above, the time set forth for the filing of motions for summary judgement in the orders of this Court was primarily directed at defendant's motion for summary judgment. Once defendant's motion was timely filed, the purpose of the limitations was served. Under the Federal Rules of Civil Procedure, "[a] party seeking to recover upon a claim . . . may, at any time after . . . service of a motion for summary judgment by the adverse party, move . . . for a summary judgment in the party's favor upon all or any part thereof." F.R.Cv.P. 56(a).

At the time that plaintiff filed her motion for summary adjudication, she was

1  under the impression that her motion was timely and was not in violation of this Court's
2  Orders.  Nonetheless, the February 26, 2008, Order remains in place and, on its face,
3  the March 24, 2008, deadline for motions for summary judgment to be filed applies
4  equally to both parties.  Plaintiff, therefore, should have sought leave from this Court
5  prior to filing her motion for summary adjudication.  Because this was not done, plaintiff
6  requests that the time for such motions to be filed be enlarged so that plaintiff's motion
7  may be considered as timely.

8  Plaintiff's motion for summary adjudication relies on substantially the same evidence and authorities as her opposition to defendant's motion for summary judgment.  (*See* Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Adjudication, Document No. 73, filed on April 29, 2008.)  Therefore, there can be no prejudice to defendant if this Court grant's plaintiff's request.

13 Also, the legal issues to be decided by the Court in order to resolve both motions are substantially similar.  Therefore, it would conserve the resources of the Court to decide both motions at the same time, rather than to revisit the same issues should defendant's motion be denied and plaintiff to file a motion for summary adjudication at some later time in the proceedings.

18 Alternatively, should the Court determine that is improper to retroactively designate plaintiff's motion as timely, plaintiff requests that the deadline for filing motions for summary judgment be extended a reasonable time and that plaintiff be allowed leave to re-file her motion at the earliest possible date.

22 Dated: May 5, 2008                    LAW OFFICES OF STEPHEN M. MURPHY

By:  /s/ Stephen M. Murphy
     STEPHEN M. MURPHY
     Attorney for Plaintiff