LEWIS BRISBOIS BISGAARD & SMITH LLP
Julian J. Pardini, Esq. SB# 133878
Stephen J. Liberatore, Esq. SB# 129772
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE DOUGHERTY,<br><br>   Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY, and DOES ONE through TWENTY, Inclusive,<br><br>   Defendant. | CASE NO. C 07-01140 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION OF DEFENDANT AMCO INSURANCE COMPANY TO PLAINTIFF'S MOTION TO ENLARGE TIME FOR MOTION FOR SUMMARY ADJUDICATION** [*sic*]<br><br>Dept.: 15 — Hon. Marilyn Hall Patel |

Defendant AMCO Insurance Company ("AMCO") hereby submits the following memorandum of points and authorities in opposition to the motion of Plaintiff Christine Dougherty ("Plaintiff") to enlarge the time for her to file a motion for summary adjudication [*sic*].[1]

**I.   Procedural History**

The Court convened the initial case management conference in this matter on July 9, 2007; its minute order regarding the conference indicated that the Court would not hear AMCO's previously-filed motion for summary judgment so that the parties could engage in mediation. (Decl. of Pardini, ¶2, Ex. 1 (Court's docket item #28).) The Court convened a further case management conference on November 5, 2007; its minute order regarding that conference stated,

---

[1] AMCO notes that the Federal Rules of Civil Procedure make no allowance for a motion for summary adjudication, as does the California Code of Civil Procedure. Rather, the Federal rules provide for a "partial" motion for summary judgment.

4844-2635-3154.1                              -1-
AMCO'S OPPOSITION TO MOTION TO EXPAND TIME FOR MOTION FOR SUMMARY JUDGMENT
CASE NO. 07-01140 MHP

in part: "Discovery limited to prior to summary judgment *motion(s)*." (Decl. of Pardini, ¶3, Ex. 2 (Court's docket item #34, emphasis added).)

On January 24, 2008, the Court issued an order that stated, in part: "Pursuant to the minute order dated November 5, 2007, discovery completion is set for February 4, 2008 and *summary judgment motions* shall be filed on or before March 10, 2008." (Decl. of Pardini, ¶4, Ex. 3 (Court's docket item #38, emphasis added).)

Thereafter, Plaintiff and AMCO, by and through their respective counsel, negotiated a stipulation that provided in part (emphasis added):

> 2. The deadline for completion of discovery for the purpose of *motions* for summary judgment is set for March 10, 2008.
>
> 3. The last day to file *motions* for summary judgment is set for March 24, 2008.

Plaintiff's counsel signed the stipulation on February 13, 2008; AMCO's counsel had signed it on February 11, 2008. The stipulation became the order of the Court February 26, 2008. (Decl. of Pardini, ¶5, Ex. 4 (Court's docket item #44).)

Despite nearly six weeks' notice of the impending deadline for filing a motion for summary judgment, Plaintiff did not file any such motion until April 29, 2008, more than a month after the deadline stipulated to by the parties and ordered by the Court.

## II.  Argument

### A.  Plaintiff Offers No Good Cause for Her Failure to Timely File Motion

By this motion, Plaintiff seeks to be relieved of her own stipulation and the Court's order that motions for summary judgment be filed no later than March 24, 2008. Plaintiff offers no good cause for the granting of her motion.

Plaintiff argues that "[a]t the time plaintiff filed her motion for summary adjudication, she was under the impression that her motion was timely and was not in violation of this Court's orders." (Plaintiff's Opening Brief at 3:26–4:2.) But "impressions" are meaningless: the Court's order was clear and unambiguous and Plaintiff, or at least her attorneys, are charged with a duty to read the Court's orders. Particularly should such duty be imposed where Plaintiff's attorneys negotiated the stipulation that resulted in the Court-ordered deadline.

The Court's docket amply demonstrates that Plaintiff's attorneys knew no later than January 24, 2008, that the Court had ordered that *motions*— plural— for summary judgment be filed no later March 10, 2008, more than six weeks later. Plaintiff's attorneys thereafter engaged in negotiations with AMCO's attorneys to extend the Court-ordered deadlines for discovery in preparation for motions for summary judgment and for the filing of such motions. On February 13, 2008, Plaintiff's attorneys signed a stipulation (that had already been signed by AMCO's counsel) extending the deadline to file motions for summary judgment to March 24, 2008, nearly six weeks thereafter. Plaintiff's attorneys knew no later than February 26, 2008, that the Court had accepted the parties' stipulation and ordered the extension of the deadlines for completing discovery and filing motions for summary judgment.

Whatever Plaintiff's claimed impression might have been, it does not explain, and should not excuse, her attorneys' utter failure to abide by the Court's orders. The Court's November 5, 2007 minute order, referencing "summary judgment motion(s)"— especially given the parenthetical "s"— did or should have put Plaintiff's attorneys on notice that the Court was setting deadlines for both parties, not just AMCO. Noting in the Court's file suggests that the Court was limiting its order to just AMCO. The plain language of the stipulation Plaintiff's attorneys negotiated and signed in February 2008 removed all doubt as to the applicability of the Court's deadline.

### B. Plaintiff's Counsel Attempts to Blame AMCO's Counsel

Plaintiff's counsel offers his own declaration in support of the motion, suggesting that this motion is necessary only because AMCO's counsel failed to stipulate that Plaintiff could file her motion more than a month after the Court-ordered deadline had expired. By his own admission, Plaintiff's counsel did not seek AMCO's counsel's stipulation until near the close of business on May 1, via a letter in which he attempts to paint the Court's orders as ambiguous or limited to AMCO. Plaintiff's counsel then undertook to file this motion when AMCO's counsel did not stipulate per Plaintiff's counsel's request by noon the following day. In other words, Plaintiff's counsel missed a Court-ordered deadline by more than a month and now complains that AMCO's counsel failed to accept such dilatory conduct via stipulation within roughly four business hours.

Further, whether AMCO will be prejudiced by the Court's allowing Plaintiff to file a tardy motion for partial summary judgment is inapposite to this discussion. A party's obligation to abide by the Court's orders should not turn on whether failure to do so will prejudice another, thus permitting that party to flaunt her obligations to the Court and others involved in the litigation. But even so, allowing Plaintiff now to file a motion for summary judgment that should have been filed more than six weeks ago will result in a further delay in the hearing on AMCO's own motion for summary judgment. AMCO initially filed its motion more than 10 months ago, in part on the basis that all necessary facts were then known to the parties and presented to the Court. AMCO has abided by the Court's rulings to postpone hearing on its motion so that the parties could engage in discovery and mediation. AMCO met the Court-ordered deadline for the re-filing of its motion, set for hearing on May 12, 2008, and, as can be seen from the face of the motion and its supporting declarations and documents, the facts presently known are the same facts that were known when the motion was originally filed. AMCO is entitled to have the Court hear and rule upon its motion.

Plaintiff, on the other hand, has failed to abide by the Court's order, which was based on the parties' stipulation that Plaintiff's own attorneys negotiated and agreed to. Moreover, Plaintiff's attorneys offer absolutely no excuse, much less any justification, for their dilatory conduct. The Court should not countenance or reward such behavior.

### III. Conclusion

For the foregoing reasons, AMCO respectfully requests that the Court deny Plaintiff's motion to extend the deadline for her to file a motion (presumably) for partial summary judgment.

Dated: May 7, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By   /s/ Julian J. Pardini
     Julian J. Pardini
     Stephen J. Liberatore
Attorneys for Defendant
AMCO Insurance Company

4844-2635-3154.1

-4-

AMCO'S OPPOSITION TO MOTION TO EXPAND TIME FOR MOTION FOR SUMMARY JUDGMENT
CASE NO. 07-01140 MHP